**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**FREDRICK DEWAYNE MASON**                                                     **PETITIONER**

**VS.**                                   **CASE NO.: 5:14CV00293 JM/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                  **RESPONDENT**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United

States District Court Judge James M. Moody, Jr.  Any party may file written objections to

this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

1

Mail objections to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## II.   <u>Background</u>

A Pulaski County jury convicted Fredrick Dewayne Mason of two counts of aggravated robbery, two counts of theft of property, and one count of second-degree battery. As a result, he was sentenced to a total of 660 months in the Arkansas Department of Correction.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(j), Mr. Mason's appellate counsel filed a motion to withdraw on the ground that the appeal was without merit. *Mason v. State*, 2009 Ark. App. 794, 2009 WL 4377825, *1. The motion was accompanied by an abstract of the proceedings below and a brief discussing seven points in the record that might arguably support an appeal.[1] *Id*. Mr. Mason then filed, pro se, seven points for reversal. *Id*. The Arkansas Court of Appeals found that, of the seven issues raised by Mr. Mason, six were either "wholly outside the record, raised for the first time on appeal, fully covered in his counsel's brief, or otherwise not preserved for appellate review." *Id*. The court of appeals considered

---

[1]The Court of Appeals ordered rebriefing twice after discovering issues that counsel had not briefed. *Mason v. State*, 2009 Ark. App. 518, 336 S.W.3d 423, 424 (July 1, 2009); *Mason v. State*, CACR08-408, 2009 WL 88594 (Jan. 14, 2009) (unpublished).

Mr. Mason's argument that the trial court erred by not asking him whether he wanted to testify at trial, but held that Mr. Mason's silence was a knowing and voluntary waiver of the right to testify and affirmed. *Id*. at *2-*3.

Mr. Mason then filed a petition for postconviction relief, which the trial court denied following a hearing. *Mason v. State*, 2013 Ark. 492, *1 (2013). Mr. Mason appealed claiming trial counsel was ineffective for: (1) failing to move for a directed verdict, (2) "opening the door" to prejudicial testimony, and (3) failing to investigate and prepare for trial. *Id*. The Arkansas Supreme Court affirmed the circuit court's order. *Id*.

Here, in his petition (docket entry #2) and amended petition (#9), Mr. Mason claims his trial counsel was ineffective for failing to move for a directed verdict, opening the door to prejudicial testimony during cross-examination, and failing to conduct a pretrial investigation. Mr. Mason also claims that his appellate counsel was ineffective for filing a no-merit brief under *Anders.* (#9 at pp. 15-16) For the reasons set forth below, the Court recommends that Mr. Mason's petition (#2) and amended petition (#9) be DENIED.

## III.    Discussion

### A.    Standard of Review

A federal court may grant a writ of habeas corpus to a state prisoner only if a state court decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in the

light of the evidence presented in the state court proceeding. *Garrison v. Burt*, 637 F.3d

849, 853 (8th Cir. 2011) (quoting 28 U.S.C. § 2254(d)). Relief will be granted only if the

state court decision is both incorrect and unreasonable. *Id*. (quoting *Cole v. Roper*, 623

F.3d 1183, 1187 (8th Cir. 2010)). This Court must presume that the state court's factual

findings are correct, and it is Mr. Mason's burden to rebut this presumption by clear and

convincing evidence. *Id*. (citations omitted).

   B.     Procedural Default

   Director Hobbs argues that Mr. Mason's claim that appellate counsel was

ineffective for filing a no-merit brief should be dismissed as procedurally defaulted

because Mr. Mason failed to properly present the argument to the state courts. See

*Coleman v. Thompson*, 501 U.S. 722 (1991). The Court agrees.

   In his Rule 37 petition, Mr. Mason claimed that appellate counsel rendered

ineffective assistance on direct appeal by failing to raise a sufficiency-of-the-evidence

argument on direct appeal. (#6-2 at p. 8) At the Rule 37 hearing, the ineffective-

assistance-of-appellate-counsel argument was not specifically addressed by the parties.

(#6-3) In a written order, the trial court found that trial counsel was not ineffective for

failing to move for directed verdict, for referring to a prior robbery of the victim by the

defendant's brother on cross examination, or for failing to investigate and prepare for

trial. Thus, the trial court denied the Rule 37 petition. (#6-3 at p. 25, #6-4) The order did

not address Mr. Mason's argument that his appellate counsel was ineffective, and Mr. Mason did not pursue the argument on appeal.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving those courts an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). To meet the requirements of 28 U.S.C. § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

Here, Mr. Mason pursued a Rule 37 petition with the state trial court and on appeal, but he did not obtain a ruling from the trial court on his claim that appellate counsel was ineffective for failing to raise a sufficiency-of-the-evidence argument on direct appeal, and for failing to raise the claim on appeal. See *Mason v. State*, 2013 Ark. 492, *1 (2013). Accordingly, this claim is procedurally defaulted unless Mr. Mason can establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in the conviction of someone who is actually innocent. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565.

C.      Cause to Excuse Procedural Default

The doctrine barring procedurally defaulted claims is not without exception.

*Martinez v. Ryan*, 566 U.S. __, __, 132 S. Ct. 1309, 1315 (2012).  A prisoner can obtain

review of a defaulted claim by showing cause for the default and prejudice.  *Coleman v.*

*Thompson*, 501 U.S. 722, 750 (1991).  But if the prisoner does not show legally adequate

cause for default, the court need not address the "prejudice" prong.  *McCleskey v. Zant*,

499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

Cause is established when "some objective factor external to the defense impede[s]

. . . efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478,

488, 106 S.Ct. 2639 (1986).   Here, Mr. Mason has pointed to no external factor that

prevented him from raising his claim.  He was represented by counsel at his Rule 37

hearing and on appeal, and he successfully pursued other theories of ineffective assistance

of counsel in those proceedings.  (#6-2, #6-3, #6-4)

In *Coleman*, the Supreme Court held that, as a general rule, "negligence on the part

of a prisoner's postconviction attorney does not qualify as 'cause'" to excuse procedural

default.  *Martinez*, 132 S.Ct. at 1316 (quoting *Maples v. Thomas*, 565 U.S. __, 132 S.Ct.

912, 922 (2012).  In *Martinez*, however, the United States Supreme Court created a

"narrow exception" to the general rule set out in *Coleman*.  The *Martinez* court held that

"inadequate assistance of counsel at initial-review collateral proceedings may establish

cause for a prisoner's procedural default of a claim of ineffective assistance at trial."
*Martinez*, 132 S. Ct. at 1315.

In *Dansby v. Hobbs*, __ F.3d __, 2014 WL 4378753 (Sept. 5, 2014), however, the
Court of Appeals for the Eighth Circuit declined to extend the *Martinez* exception to
procedural default to claims alleging ineffective assistance of appellate counsel. See
*Dansby v. Hobbs*, 10-1990, 2014 WL 4378753 (8th Cir. 2014). The Eighth Circuit noted
that *Martinez* focused on a claim of ineffective assistance of counsel at trial, which
derives from the Sixth Amendment, but the right to appellate counsel has its origin in the
Due Process Clause. *Id*. (citing *Martinez* and *Evitts v. Lucey*, 469 U.S. 387, 396–97
(1985). Further, it pointed out that the Court was clear in *Martinez* that the rule of
*Coleman* —that ineffective assistance of counsel during state postconviction proceedings
cannot serve as cause to excuse procedural default—"governs in all but the limited
circumstances recognized here," and those circumstances involved a claim that trial
counsel was constitutionally ineffective. *Martinez*, 132 S.Ct. at 1320. Accordingly, the
*Martinez* exception does not apply to claims of ineffective assistance of appellate counsel,
so Mr. Mason cannot use the exception to excuse his procedural default.

D.     Actual Innocence

Even absent a showing of cause and prejudice, habeas corpus petitioners can
overcome procedural default by demonstrating that a court's refusal to hear the petition
would result in the conviction of someone who is actually innocent. To avail himself of

the actual-innocence exception, however, Mr. Mason must demonstrate that, more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 2077 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851 (1995). This exception is concerned only with claims of actual innocence, as opposed to legal innocence. *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). *Id*.

Actual innocence can be established by new reliable evidence such as a credible declaration of guilt by another, a trustworthy eyewitness account, or exculpatory scientific evidence. *Id*. This Court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence, old and new, on reasonable jurors. *House*, 547 U.S. at 538.

Mr. Mason was convicted of participating in a March, 2007 assault and robbery of two men – Lionel Hampton and Dettrus Johnson. Both victims testified at trial that there were three men who participated in the robbery. (#10-1 at p. 1, #10-2 at p. 4) The Arkansas Supreme Court summarized the evidence presented at Mr. Mason's trial as follows:

> At trial, Hampton testified that after he had been robbed in his home, he looked out the window and saw a dark-colored, or black, Taurus exiting his street. Hampton stated that he then called his cousin for a ride, and they drove around for about an hour looking for the vehicle. Hampton testified that they located the vehicle parked at a nearby house and saw appellant walk out of the house and toward the vehicle. Hampton said that his cousin "pretty much identified him for me." Little Rock Police Detective Robert Martin testified that Hampton contacted him the day after the robbery and

told him that he had been robbed by a man in his neighborhood named
"Pig."  Martin contacted several officers who worked in that neighborhood,
and one of the officers told him that "Pig" was known to police as Fred
Mason.  Martin included a photo of appellant in a lineup shown to
Hampton, and according to Martin, Hampton "immediately and positively
identified Mr. Mason as . . . one of the three that robbed him."  Hampton
also testified that he picked appellant from a photo lineup as one of the
three men who had robbed him.  According to Hampton, appellant put a gun
to his chest, held him down on a couch, and asked him for his keys.

*Mason v. State*, 2013 Ark. 492, *3-*4 (2013).

In support of his claim of actual innocence, Mr. Mason offers the affidavit of his
brother, Nicholas Mason.  (#2 at pp. 37-39)  In his affidavit, Nicholas Mason avows that
in March, 2007, he assaulted Mr. Hampton in self-defense but did not rob him; that Mr.
Hampton was the only victim in the alleged incident; and that nobody else was with him
at the time of the assault.  (*Id*. at pp. 38-39)  Nicholas Mason states he would have
testified to these facts if he had been called to testify at his brother's trial.

Mr. Mason's evidence is insufficient to meet the high standard that is required to
support a "gateway" claim of actual innocence.  *Dansby*, 2014 WL 4378753 at *27.  First,
the testimony is not new.  At a pretrial hearing, the attorneys discussed allegations that
Nicholas Mason participated in the robbery, but had absconded to South Carolina.  Mr.
Mason's trial counsel asked for a continuance so that he could speak with Nicholas
Mason, but there was no mention at the hearing that Nicolas Mason was willing to admit
to any criminal activity or to exonerate Mr. Mason.  Regardless, any information Nicholas

Mason had regarding the assault and robbery has been available for discovery since the time of trial.

Further, to meet the standard, Mr. Mason must demonstrate that with the evidence presented at trial, along with the new evidence, it is more likely than not, no reasonable juror would find him guilty beyond a reasonable doubt. *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064 (2006). This standard is demanding and permits review only in the most extraordinary cases. *Id*.

Mr. Mason has not come forward with evidence necessary to meet his burden. There were two eye witnesses who testified at trial that there were three people who entered Mr. Hampton's house that day, and they were both victims. Additionally, Mr. Hampton identified Mr. Mason in a line-up as the person who pushed him down on the couch and held a gun to his chest. (#10-1 at p. 3) Considering Nicolas Mason's affidavit along with all the evidence presented at trial, there is insufficient evidence to establish that, more likely than not, no reasonable juror would have found Fredrick Dewayne Mason guilty beyond a reasonable doubt.

E.      Ineffective Assistance of Counsel

A criminal defendant's Sixth Amendment right to effective assistance of counsel "is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984)).  In order to prevail on his habeas corpus claim based on ineffective assistance of counsel, Mr. Mason must show:  (1) that trial counsel's performance was so deficient that it fell below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney; and (2) that there is a reasonable probability that the outcome would have been different but for the substandard performance of trial counsel.  See *Strickland*, 466 U.S. at 687–94.  A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S.Ct. 2527 (2003) (quoting *Strickland*, 466 U.S. at 694).

Court scrutiny of counsel's performance is highly deferential, and courts apply a strong presumption that counsel's conduct fell within the "wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689); see also *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006).  "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) (citation omitted)

Mr. Mason first claims that his trial counsel was ineffective for failing to move for a directed verdict because Mr Hampton's identification of him as a perpetrator was unreliable.  Mr. Mason raised this claim in the state courts.  The Arkansas Supreme Court applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052

11

(1984), and it held that, because the identification of Mr. Mason by Mr. Hampton was an issue of credibility for the jury to decide, even if his counsel had moved for a directed verdict on these grounds, the trial court could not have granted it. *Mason*, 2013 Ark. 492 at *4-5.  The Arkansas Supreme Court's decision on this claim was not contrary to or an unreasonable application of clearly established federal law.  See *Rodriguez v. United States*, 17 F.3d 225 (8th Cir. 1994) (defense counsel was not ineffective for failing to advance a meritless argument).  Mr. Mason's counsel was not ineffective for failing to bring a motion that could not have been granted. *Mason*, 2013 Ark. 492, *4.

For his second claim, Mr. Mason argues that his trial counsel was ineffective for opening the door to damaging testimony in his cross examination of Mr. Hampton by mentioning a prior robbery allegedly committed by Mr. Mason and his brother.  After being asked about the prior robbery, Mr. Hampton testified that one of the men who had previously robbed him resembled Mr. Mason's brother.  Mr. Mason raised this claim with the circuit court and again on appeal, complaining that there was no possible benefit to be gained or strategic explanation for the line of questioning. *Mason*, 2013 Ark. at *5.  The Arkansas Supreme Court disagreed. *Id*.

At the Rule 37 hearing, trial counsel testified that he was trying to show that Mr. Hampton was biased against Mr. Mason and his brother.  (#6-3 at p. 13)  Additionally, he stated he was trying to "create confusion" about which Mason brother was the perpetrator of the alleged crimes.  (*Id*.)  The Court found that trial counsel's tactical decision about

12

how to cross-examine Mr. Hampton was "supported by reasonable professional judgment," and denied the ineffective-assistance-of-counsel claim.  Given the testimony by Mr. Mason's counsel at the Rule 37 hearing, the Arkansas Supreme Court's decision was not contrary to or an unreasonable interpretation of federal law.  See *United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001) (citing *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997)) (courts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel).

Finally, Mr. Mason complains that his counsel was ineffective for failing to prepare his case for trial.  The Arkansas Supreme Court addressed this argument and found that Mr. Mason's claim was conclusory because he failed to come forward with evidence or witnesses that his trial counsel would have discovered had he adequately investigated.  *Mason*, 2013 Ark. at *8.  Accordingly, the Arkansas Supreme Court affirmed the trial court's decision denying relief on the claim.

At the hearing on the Rule 37 motion, Mr. Mason's trial counsel testified that he reviewed the file and met with Mr. Mason several times before the trial.  (#6-4 at p. 22)  Mr. Mason never provided him with the names of any alibi witnesses or other witnesses to call at trial.  (#6-4 at p. 23, 24)

Based on the testimony at the hearing, the Arkansas Supreme Court did not act unreasonably in upholding the trial court's conclusion that Mr. Mason's counsel performed adequately when viewed under the *Strickland* standard.  *Id*.

The Arkansas Supreme Court did not unreasonably apply clearly established federal law or unreasonably determine the facts in light of the evidence when it denied Mr. Mason's ineffective-assistance claims.  Accordingly, Mr. Mason's habeas claims fail.

## IV.    <u>Certificate of Appealability</u>

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Mason has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Mason has not provided any basis for issuing a certificate of appealability.

## V.    <u>Conclusion</u>

The Court recommends that Judge Moody dismiss Fredrick Dewayne Mason's petition for writ of habeas corpus (docket entry #2) and amended petition for writ of habeas corpus (#9), with prejudice.

DATED this 15th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE